CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
July 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jesse Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:24-cv-00894 |
| ) | |
| Major Toney Hall *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Plainifff Jesse Williams, a *pro se* inmate in the custody of the Virginia Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 contending that Defendants used escessive force against him during a cell extraction in violation of his Eight Amendment rights. This Memorandum Opinion and Order addresses a dispositive motion to dismiss.

I.   **Facts and Procedural History**

Williams's complaint sets forth the facts supporting his claim, but it also indicates that he did not present his claims to the highest level of the inmate grievance process prior to filing the complaint. He states in the complaint that he did not appeal his grievance because he did not have any stamps at the time. (Dkt. 1 at 3.) Defendants were served with the complaint and then filed a motion to dismiss and a memorandum in support thereof, asserting that this action must be dismissed because of Williams's lack of exhuastion. (Dkts. 26, 27.) Williams filed a response to the motion to dismiss, in which he states that he did not appeal his grievance

to the highest level because he did not know he was required to do so and because he did not have stamps. (Dkt. 29.) For the reasons explained below, the court will grant the motion to dismiss.

## II.     Analysis of the Motion to Dismiss

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement is mandatory." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Exhaustion is required even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought, such as monetary damages, is not available through the grievance process. *Porter*, 534 U.S. at 524.

The PLRA also requires that an inmate must exhaust available administrative remedies "*before* bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (emphasis added). The requirement that a prisoner exhaust before filing in court allows defendants to address complaints before being sued, reduces litigation if grievances are satisfactorily resolved, and improves subsequent litigation by leading to the preparation of a useful record. *See Porter*, 534 U.S. at 524–25. Here, Williams admittedly did not appeal his grievance to the highest level.

The Court considered whether the factors cited by Williams to explain his non-compliance – lack of knowledge and a lack of stamps – are sufficient to excuse his failure to

appeal. They are not. Virginia Department of Corrections Operating Procedure 866.1(IV)(B)(2)(a) provides that an inmate does not need postage to appeal a grievance. Further, an inmate's lack of knowledge about the process does not excuse non-compliance. "[A] prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies." *Graham v. Cnty. of Gloucester*, 668 F. Supp. 2d 734, 740–41 (E.D. Va. 2009) (citing authority from the Third, Sixth, Seventh, Eighth, and Tenth Circuits), *aff'd*, 413 F. App'x 660 (4th Cir. 2011).

### III. Conclusion

Defendants' motion to dismiss is **GRANTED**, and this action is **DISMISSED** without prejudice. The court's dismissal is not based upon any conclusions about the merits of Williams's claims.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Williams.

**IT IS SO ORDERED.**

**ENTERED** this 17th day of July 2025.

*[Signature: Jasmine H. Yoon]*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE